## Bauer v. Byrd, Appellant (No. 2).

*Equity—Findings of fact—Appeals.*

1. Findings of fact of a chancellor will not be reversed on appeal except for manifest error.

*Contracts—Leases—Agreement to furnish steam—Construction —Equity—Injunction.*

2. In a suit in equity to restrain defendant, plaintiffs' landlord, from cutting off the supply of live and exhaust steam from plaintiffs' laundry, a finding by the chancellor that at the time of the making of the lease the lessor entered into a contemporaneous oral agreement to supply plaintiffs with the same quantity of exhaust steam for their laundry that they had received under their prior tenancy, and that this agreement was an inducement to the execution of the lease, was conclusive of plaintiffs' right to relief, in the absence of manifest error in the record, and will be sustained.

3. Where in such case it appeared that plaintiffs had contemplated adding certain machinery and appliances to the equipment of their laundry, that the rental was increased because of the additional cost in furnishing more live steam to meet the new conditions, and that the lease provided that the same was to be furnished through a one-inch pipe, a decree requiring defendant to furnish live steam through a one and one-half-inch pipe was modified so as to require defendants to furnish steam through a one-inch pipe in the same quantity as when the lease was made, and steam in addition sufficient to operate the new machinery and appliances contemplated by the parties, and for which an increased rental was agreed to be paid.

Argued Jan. 16, 1914. Appeal, No. 167, Jan. T., 1913, by defendant, from decree of C. P. No. 5, June T., 1912, No. 4368, transferred from C. P. No. 3, Sept. T., 1912, No. 5093, in case of Louis C. Bauer and James Warnock,

438        BAUER *v.* BYRD, Appellant (No. 2).

trading as The American Laundry v. John Byrd. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Modified and affirmed.

Bill in equity to restrain defendant from cutting off and interfering with plaintiff's supply of steam. Before RALSTON, J.

The facts appear in Bauer v. Byrd (No. 1), 245 Pa. 432, and in the opinion of the Supreme Court.

The court awarded the injunction as prayed for in the bill. Defendant appealed.

*Errors assigned* were in dismissing various exceptions to the findings of fact and law of the trial judge and the decree of the court.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Joseph P. Gaffney,* for appellant.

*Joseph R. Embery,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 2, 1914:

What was said in the opinion just handed down in another proceeding between the same parties applies to the present case. It will not be necessary to repeat what was there said, nor will any useful purpose be served by discussing in detail the several assignments of error in the case at bar. That part of the decree in this case which requires appellant to furnish steam through a one and one-half-inch pipe must be modified. In other respects the decree should be affirmed. We agree that appellant should furnish such pressure of live steam through a one-inch pipe as the capacity of the boilers can reasonably produce without any unfair obstruction on the part of the defendant. It was error to decree that appellant be required to furnish live steam through a one and one-half-inch pipe. The contract provides that

the live steam shall be furnished through a one-inch pipe and we are not at liberty to disregard what the parties themselves agreed to do.

As to the exhaust steam, we have concluded, taking into consideration all the facts and circumstances disclosed by the record, the evidence was sufficient to warrant the finding, that appellant at the time of making the 1911 lease, entered into a contemporaneous oral agreement to provide appellees with the same quantity of exhaust steam for their laundry business as they had theretofore received under their prior tenancy, and that this contemporaneous oral agreement was an inducement to the execution of the lease of 1911. This was a distinct finding of the learned chancellor before whom the testimony was taken, and such a finding will not be reversed on appeal except for manifest error. No such manifest error appears upon this record and therefore we must regard this as an established fact. On the question of the obligation to furnish exhaust steam it is conclusive.

It will be necessary to modify the decree in respect to furnishing live steam through a one and one-half-inch pipe so as to require it to be furnished through a one-inch pipe, and the record will be remitted for this purpose. Of course, if appellant chooses to continue furnishing live steam through a one and one-half-inch pipe rather than to tear out these pipes and fittings and install new ones, there can be no objection to his doing so, but what we mean to decide is that he can only be compelled to furnish live steam through a one-inch pipe if he insists upon his rights under the contract.

We repeat what was said in the other opinion that appellant under the terms of the lease is obliged to furnish a sufficient amount of live steam to meet the reasonable requirements of appellees for use in conducting their business on the leased premises, based upon conditions existing or contemplated when the lease of 1911 was made, if the same can be furnished through a one-

inch pipe. In this connection it should be observed that at the time of the execution of the 1911 lease, appellees contemplated adding certain additional machinery and appliances to the equipment of their laundry, and the rental was increased because of the additional cost in furnishing more steam to meet the new conditions, and this must be taken into consideration in determining how much steam appellant is required to furnish. Any reasonable interpretation of the lease of 1911 leads to the conclusion that appellant should furnish as much live steam as he was furnishing when that lease was made, and in addition, should furnish steam sufficient to operate the new machinery and appliances contemplated by the parties and for which an increased rental was agreed to be paid. The only limitation placed upon this obligation of appellant was that the live steam be furnished through a one-inch pipe. The final decree should be formulated so as to give force and effect to this view of the contractual obligations of the parties.

May 22, 1914:

Since handing down this opinion, application was made for a modification of the decree. The application was heard but before any decision was arrived at, the parties through their counsel, concluded an agreement stipulating the terms and conditions upon which the steam was to be used and furnished. We entirely approve this method of adjusting differences and direct a copy of the agreement to be filed with the record in this case. When the record and agreement are remitted to the court below, a final decree can be entered embodying the terms and conditions upon which steam is to be used and furnished in accordance with the provisions of that contract dated May 22, 1914.

The decree will be modified as herein indicated and the record is remitted for this purpose. Costs to be equally divided between the parties.